**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LARON EVANS**                                                                                      **PLAINTIFF**
**#259630**

**V.**                                           **NO. 4:22-cv-01184-JM-ERE**

**HIGGINS,** *et al.*                                                                           **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER-PLAINTIFFS

A multi-plaintiff federal civil rights lawsuit was filed on your behalf, *pro se*, that is, without the help of a lawyer. Court policy prevents inmates from joining other named plaintiffs in a lawsuit; you must proceed with your claim(s) in an individual lawsuit. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the prison library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1.    You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the Court if you are transferred from one unit to another. Notifying the Court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the Court informed as to your current address, your lawsuit can be dismissed.

2.    You must monitor the progress of your case and prosecute the case diligently.

3.    You must sign all pleadings and other papers filed with the Court, and each paper you file must include your current address.

4.    If you fail to timely respond to a Court Order directing action on your part, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915. A $402 filing and administrative fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* (IFP). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your institutional account. Importantly, even if your lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from your institutional account. Here, you have not filed an IFP application that includes a jail account information sheet signed by an authorized official; nor have you paid the filing fee.

The Clerk of Court is directed to enclose an IFP application, along with a copy of this Order. **You must return a completed IFP application, including an accompanying affidavit and jail account information sheet, or pay a $402.00 filing fee within 30 days of the date of this Order. Otherwise, the lawsuit will be dismissed.**

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including any "John/Jane Doe" Defendants. If you are allowed to proceed IFP, the Court will order service of any claims that survive screening on all properly identified Defendants. However, you are responsible for providing sufficient identifying information and valid service addresses for each Defendant. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. **Service is not appropriate at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). See FED. R. CIV. P. 5(d). Do not mail discovery requests to Defendants' counsel (or a *pro se* Defendant) until that Defendant has filed an answer or motion to dismiss.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for

summary judgment or in response to a motion for summary judgment; or if the Court orders you to send documents or other evidence.

       **Seventh: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

       IT IS THEREFORE ORDERED THAT:

       1.     The Clerk is directed to enclose, along with a copy of this Order, a new IFP application.

       2.     Within 30 days of this Order, you must return a completed IFP application, including an accompanying affidavit and jail account information sheet, or pay the $402.00 filing fee. If you fail to do so, the lawsuit will be dismissed.

       Dated this 1st day of December, 2022.

                                    _____
                             UNITED STATES MAGISTRATE JUDGE